IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN RITTER, | ) CASE NO. 1:18 CV 0826 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| MICHAEL DAVIS, *et al.*, | ) |
| Defendants. | ) **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in Franklin Ritter's *pro se* prisoner civil rights action under 42 U.S.C. § 1983[2] is the defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] Ritter opposes the motion,[4] and has asked for the appointment of counsel.[5] For the reasons set forth below, I will recommend that the motion to dismiss be denied without prejudice and that the motion for appointment of counsel be granted.

## Facts

Ritter maintains that he has been improperly denied kosher meals after the

---

[1]ECF No. 6.

[2]ECF No. 1.

[3]ECF No. 12.

[4]ECF No. 23.

[5]ECF Nos. 14, 25.

required religious accommodation form he submitted was denied on the grounds that the prison could not determine the extent to which this request reflected a strongly held religious belief.[6] He further contends that no kosher meals are being provided in Ohio penal institutions now operated by Core Civic, a contractor, whereas institutions operated directly by the state still provide kosher food to Jewish inmates.[7] He seeks an injunction ordering Core Civic to provide kosher meals, thereby "grant[ing] Jewish inmates their right to religious accommodation of [*sic*] kosher meals."[8]

## Analysis

### *1. Motion to dismiss*

The state defendants argue that because Ritter is a Reform Jew, he is not required by the tenets of that branch of Judaism to keep kosher.[9] Thus, the defendants assert, the lack of kosher meals cannot be a substantial burden on Ritter's practice of his reform faith, and so the complaint should be dismissed for failing to state a claim for relief.[10] The defendants point out that Ritter makes no claim in his complaint that his request for kosher food is grounded in his sincerely held religious beliefs.[11] They further argue that Ritter's religious

---

[6] ECF No. 1 at 4.

[7] *Id.* at 5.

[8] *Id.*

[9] ECF No. 12 at 2.

[10] *Id.*

[11] *Id.*

beliefs themselves "appear to be all over the map," in that he has previously attended Protestant worship services and claimed to be Roman Catholic and Seventh Day Adventist.[12]

Moreover, they maintain that the prison's denial of Ritter's request – on the grounds that the reviewing officer could not determine if Ritter's request reflected "a strongly held religious belief" – was "within Defendants' discretion"[13] and reflects "the least restrictive means of furthering ODRC's compelling government interest in controlling costs and maintaining discipline."[14]

In adjudicating a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to "accept all well-pleaded allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff."[15] Although the complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation" of the elements of a cause of action.[16] Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[17] In that regard, "[a] claim has

---

[12]*Id.* at 8.

[13]*Id.* at 10.

[14]*Id.* at 9.

[15]*Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007) (internal quotations omitted).

[16]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

The initial two-step inquiry in a First Amendment free exercise claim is whether the plaintiff's beliefs are religious in nature and whether they are sincerely held.[19] The sincerity of a religious belief is a threshold issue in a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which is to be construed "in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of [RLUIPA] and the Constitution."[20]

The RLUIPA statute itself expressly provides that the term "religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."[21] The Supreme Court has noted that this provision of RLUIPA pointedly "bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion."[22] RLUIPA, however, does not bar inquiry into the sincerity of the prisoner's religious beliefs.[23] Simply put, RLUIPA permits an inquiry into the sincerity of a prisoner's request for religious accommodations but prohibits denial of such a request on the grounds that such an

---

[18]*Id.*

[19]*United States v. Seeger*, 380 U.S. 163, 183-84 (1965).

[20]*Holt v. Hobbs*, – U.S.– , 135 S. Ct. 853, 860 (2015) (internal quotations omitted).

[21]42 U.S.C. § 2000cc-5(7)(A).

[22]*Cutter v. Wilkinson*, 544 U.S. 709, 732 n.13 (2005).

[23]*Id.*

accommodation is not "compelled by" or "central to" the prisoner's faith. As such, the touchstone RLUIPA examination of sincerity of belief echoes long-stated First Amendment authority.[24]

A purely objective inquiry into whether a particular religious practice is necessary to practicing that religion, or is "essential" to it, "cannot be squared with either RLUIPA or First Amendment jurisprudence."[25] In order to receive religious accommodation, a person's beliefs do not have to be "acceptable, logical, consistent, or comprehensible to others."[26] Nor must the beliefs be shared by all members of a religion or be part of any orthodox or official interpretation of church doctrine.[27] "[W]e reject the notion that to claim the protection of the Free Exercise Clause one must be responding to the commands of a particular religious organization."[28]

Simply put, "[t]o be eligible for consideration of a religious accommodation under RLUIPA, a prisoner must only demonstrate his religious sincerity."[29] The matter of a

---

[24]*Hall v. Martin*, No. 1:10-cv-1221, 2012 WL 1579334, at * 8 (W.D. Mich. March 29, 2012), *report and recommendation adopted by* 2012 WL 1579321 (W.D. Mich. May 3, 2012).

[25]*Id.*

[26]*Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707, 714 (1989).

[27]*Id.* at 715-16.

[28]*Frazee v. Illinois Dep't of Empl. Sec.*, 489 U.S. 829, 834 (1989).

[29]*Hall*, 2012 WL 1579334, at *8.

prisoner's sincerity of belief is a question of fact,[30] which is highly specific to the individual involved.[31] Moreover, the mere fact that a prisoner's request for religious accommodation has been denied initially by the prison does not, of itself, leave unanswered the question of whether the prison's decision to deny the accommodation was based on proper grounds.[32] Nor is it dispositive of whether such an outright denial of a kosher diet was the least restrictive means of achieving the government's interests.[33]

Thus, based on the pleadings, Ritter has alleged that he has a sincere religious belief in eating kosher meals and that his request for a religious accommodation to receive such meals was disapproved because the prison could not determine the extent to which this belief was sincere.[34] Ritter has claimed that the defendants' denial of his request for a kosher meal violates the RLUIPA. That claim, at this juncture of the proceedings, properly states a ground for relief.[35] Accordingly, the defendants' motion to dismiss for failure to state a claim

---

[30]*Horacek v. Burnett,* 2008 WL 4427825, at *6 (E.D. Mich. August 19, 2008) (citations omitted), *report and recommendation adopted by* 2008 WL 4427792 (E.D. Mich. Sept. 30, 2008).

[31]*Thomas*, 450 U.S. at 714; *see also Beerhide v. Suthers*, 82 F. Supp. 2d 1190, 1194-95 (D. Colorado Jan. 31, 2000).

[32]*Hall*, 2012 WL 1579334, at *9.

[33]42 U.S.C. § 2000cc-2(b).

[34]ECF No. 1 at 3-4. The defendants' response, as discussed above, actually seems to suggest that the denial in this case may have been based, at least in part, on the improper conclusion that Reform Judaism does not impose a requirement to keep kosher.

[35]*Perez v. Thaler*, 2013 WL 1628380, at *4 (S.D. Texas March 18, 2013), *report and recommendation adopted* by 2:13-cv- 0029, ECF No. 13 (April 8, 2013).

for relief[36] should therefore be denied without prejudice.

### *2. Motion to appoint counsel*

As noted above, Ritter has moved for appointment of counsel.[37] Such an appointment is not required in civil matters, but counsel for indigent plaintiffs may be appointed by the Court in civil rights matters in "exceptional circumstances."[38] Determination of exceptional circumstances usually involves an assessment of the complexity of the factual and legal issues involved.[39]

In addition to claiming a violation of RLUIPA in his particular situation, Ritter has alleged that kosher meals are uniformly and systematically denied to all Jewish inmates in Ohio prisons operated by the contractor, Core Civic.[40] In *Haight v. Thompson*,[41] the Sixth Circuit, *inter alia*, examined Kentucky's absolute, system-wide ban on providing sweat lodges to all prisoners practicing the native American religion.[42] *Haight* found that a blanket "no exceptions" policy on providing sweat lodges, without determining the sincerity of belief of individual inmates or assessing the least restrictive way to accommodate those beliefs

---

[36]ECF No.12.

[37]ECF Nos. 14, 25.

[38]*Levado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

[39]*Id*. at 606; *see also* ECF No. 6 at 1.

[40]ECF No. 1 at 4.

[41]*Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014).

[42]*Id.* at 562.

consistent with legitimate and compelling state interests, cannot co-exist with RLUIPA. It stated:

> Keep in mind that the idea behind offering statutory protection for faith-based practices is to make accommodations - exceptions - for individuals who believe that they must do certain things because their faith demands it. Rejecting accommodation requests on the ground that an exception to a general prison policy will make life difficult for prison wardens is a fine idea in the abstract and may well be a fine idea under *Smith*.[43] But it has no place as a stand-alone justification under RLUIPA.[44]

Stated simply, a blanket prison-wide prohibition of a certain religious practice cannot be justified without relevant findings. While costs, for example, may be a legitimate factor in a prison's determination of the least restrictive means of accommodating an individual prisoner's religious exercise,[45] it is also clear that RLUIPA "may require a government to incur expenses in its own operation to avoid imposing a substantial burden on religious exercise."[46]

Ritter has raised a potentially complex factual and legal issue arising from an alleged system-wide denial of all kosher food to any and all Jewish inmates in Ohio prison facilities operated by Core Civic. Such a ban, without any predicate findings as to the sincerity of belief of individual inmates or a determination that such a ban is the least restrictive means

---

[43]*Employment Division v. Smith,* 494 U.S. 872 (1990), *superseded by statute as stated in Holt*, 135 S. Ct. 853.

[44]*Haight*, 763 F.3d at 562.

[45]*Berryman v. Granholm*, 343 Fed. App'x 1, 6 (6th Cir. 2009) (citation omitted).

[46]*Holt*, 135 S.Ct. at 860 (quoting § 2000cc-3(c)) (internal quotation omitted).

-8-

of accommodating the religious practice of inmates who believe they must keep kosher, could prove problematic. And because the defendants did not move for summary judgment, at this stage of the proceeding there not yet been any Rule 56 evidence produced to support or reject this claim.

Thus, for the reasons stated, I find that exceptional circumstances exist warranting the appointment of counsel. To that end, Ritter's motions in that regard are granted and Edward Icove is hereby appointed as counsel for Ritter. Ritter is directed to complete the attached Affidavit of Need and file it with the court by **August 31, 2018**.

## Conclusion

For the reasons stated, I recommend the defendants' motion to dismiss be denied without prejudice and Ritter's motion for appointment of counsel be granted.

Dated: August 20, 2018                                   s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge